## Bierbower's Appeal.

1. Jurisdiction in equity depends not so much on the want of a common
law remedy as upon its inadequacy, and its exercise is a matter which
often rests in the discretion of the court.

2. A bill in equity may be maintained where fraud is alleged in the
procuring an absolute assignment of a security intended as collateral
security whereby a trust arose, and where the relief prayed for is an

account and a decree that the defendants pay to complainants the excess averred to have been received by them from such assigned security over and above the debt it was intended to secure.

3. The fact that in such case an action of assumpsit might be brought against the principal defendant to recover back such excess, will not oust the jurisdiction in equity where the parties and circumstances are such that the remedy afforded in equity is more appropriate and more convenient than at law.

May 23, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

APPEAL from the Court of Common Pleas of *York county:* In Equity: Of January Term, 1884, No. 226.

This was an appeal by H. C. Bierbower and Margaret, his wife, from a decree of said court, sustaining a demurrer to a bill in equity filed by them against Samuel Laird and Edward D. Bentzel, and dismissing the bill.

The bill averred in substance that the defendant Samuel Laird, as surety for H. C. Bierbower, having paid a certain sum of money due by the latter, obtained from Mrs. Margaret Bierbower assignments of certain judgment notes which she held against her husband, said assignments being absolute on their face, but in reality as collateral security for the sum so paid by Laird as surety for her husband; that Laird subsequently assigned to his attorney, Bentzel, said judgment notes, who entered them up in judgment, and that upon the distribution of the assigned estate of H. C. Bierbower, and under certain attachments, execution issued upon said judgments, said Bentzel and Laird had recovered a sum largely in excess of the amount so paid by Laird as surety, with interest, &c. The bill charged fraud by Laird and Bentzel, in obtaining from Mrs. Bierbower absolute assignments of said judgment notes, and in refusing to admit that the same were taken as collateral security. The bill prayed for an account, and a decree that the defendants pay to the complainant, such sum as should be found due by them over and above the sum paid by Laird as surety for H. C. Bierbower with interest, and further relief. The averments of the bill are more fully stated in the opinion of this court.

The defendants demurred to the bill for want of equity, and the court (WICKES, P. J.) being of opinion that the complainants had an adequate remedy at law, by action of assumpsit, entered a decree sustaining the demurrer and dismissing the bill, from which decree the complainants took this appeal.

*H. L. Fisher*, for the appellants.

*John W. Bittenger*, for the appellees.—While it is true that courts of equity grant relief concurrently with courts of law

in cases of fraud, yet, if the remedy at law be quite adequate, if no discovery is needed or sought, relief is not ordinarily granted in equity. This is especially true when the fraud relates to sales of personal chattels and where the relief sought is merely compensation in damages. Mackintosh *v.* Tracy, 4 Brewster, 59; Thouron *v.* Paul, 6 Wh., 625; Brightly's Equity Jurisprudence 184–185; Palmer *v.* Graham, 2 Parson's Sel. Cas. in Equity, 479; Sunbury and Erie Railroad Co. *v.* Cooper, 9 Casey, 278; Bank of Kentucky *v.* Schuylkill Bank, 1 Parson's Sel. Cas. in Equity, 219; Clark's Appeal, 12 P. F. S., 450.

With all the facts, including the amounts of money received by Laird, or Bentzel his counsel for him, and the amount payable to Margaret Bierbower ascertained and stated in the bill; with no prayer for any discovery or any necessity for any accounting by defendants shown, how can the bill be regarded in any other aspect than as praying for a decree for specific performance of the alleged parol contract of Samuel Laird, to pay to Margaret Bierbower said balance of $724.08? As a general rule equity will not entertain jurisdiction for the specific execution of agreements respecting things merely personal in their nature: Cases cited *supra.*

Mr. Justice GORDON delivered the opinion of the court, October 6, 1884.

As the court below dismissed the plaintiffs' bill after argument on a demurrer alleging a want of chancery jurisdiction, we have but to examine that bill in order to determine the rectitude of the decree which turned the complainants out of court. The bill alleges that to April Term, 1879, suit was instituted by the administrators of Jacob Meyers, deceased, on a joint and several bill executed by Henry C. Bierbower, with Samuel Laird, one of the defendants, as surety, in favor of the said administrators, and that the balance of the said bill or note, $457.77, had been paid in discharge thereof by the said surety. That at this time the said Bierbower was insolvent; that his wife, Margaret, at the same time held in her own right two several judgment notes in the sum of $500 each, executed by him, one on the 1st of April, 1875, and the other on the 27th of February, 1878. That the said Laird, with the knowledge of Edward D. Bentzel, the other defendant in this bill, procured assignments of said notes from the said Margaret under an oral agreement that they should be held only as collateral security for the payment of the above mentioned indebtedness of Bierbower to Laird, though the assignments on their face were designedly made absolute under the pretence that they were proper collateral assignments, and that afterwards these notes were duly entered on the dockets of the

Court of Common Pleas, and so became judgments against the said Bierbower; that on the 14th of March, 1879, the complainants executed and delivered to the said Laird a deed of voluntary assignment, for the benefit of creditors, of the estate and effects of the said Henry C. Bierbower; that afterwards, on settlement of this assigned estate, the said Laird received, by way of distribution, on the original account and on the two judgments, the sum of $116.87. The bill also sets out that these judgments were fraudulently assigned by Laird to Bentzel, and that by certain attachment executions, issued upon those judgments, some $1,416 were made and received by the said Bentzel, and that for the balance, some $724 over and above the sum necessary to satisfy the debt for which the judgments were assigned as security, the defendants refuse to account, and have fraudulently appropriated the same to their own use.

Under allegations such as these, which we must take as facts, the plaintiffs pray for relief. As we have before intimated, the defendants, instead of answering, filed a demurrer, alleging: 1st. The want of the statement of such a case in the bill as would entitle the complainants to equitable relief; 2d. That the plaintiffs have a complete and adequate remedy at law. On the grounds here stated, the court on argument dismissed the bill.

To a judgment of this kind we cannot give our assent, for, taking the bill as proved, as we must do, we have the case of a trustee and his attorney fraudulently claiming the trust property as their own, and refusing to account for the proceeds realized from it. The bill is thus brought within the very letter of the thirty-ninth section of the Act of 1840.

Granted that an action of assumpsit would lie against Laird, it does not therefore follow that the chancery side of the court has no jurisdiction. Jurisdiction in equity depends not so much on the want of a common law remedy as upon its inadequacy, and its exercise is a matter which often rests in the discretion of the court; in other words, the court may take upon itself to say whether the common law remedy is, under all the circumstances and in view of the conduct of the parties, sufficient for the purposes of complete justice, or whether the intervention of chancery may not for that purpose be required and beneficially applied: Bisph. Eq., § 484. Were, then, the complaint in this case directed against Laird alone, the court below might well have allowed this bill to stand and ordered the defendant to answer, for the allegation is not only of a trust, and that in favor of a married woman, but of a fraudulent disposition of the trust property, and thus the propriety of the interference of a chancellor is made manifest.

11 OUTERBRIDGE.—2.

But in addition to this there is a charge against another party, not in the original transaction, who assisted in the fraudulent disposition of the collaterals and their proceeds. In this view of the case, certainly no adequate or certain remedy can be found except in equity. In the case of Kirkpatrick *v.* McDonald, 1 Jo., 387, it was said that the equitable remedy may be adopted solely on the ground that it is more convenient than an action of assumpsit. In the present case the greater convenience of the chancery process cannot be doubted, for, admitting the possibility of compelling the defendants *to* answer jointly in the action of assumpsit for the disposition of the collaterals in controversy, yet we may safely assert that the remedy thus proposed would be neither the most certain nor the most convenient.

Conyngham's Appeal, 7 P. F. S., 474, was a case involving a pledge of collaterals, like the one in hand, and, because the account between the parties involved a number of items, it was held properly cognizable in equity. But the contention here now presented involves not merely an account as between parties whose status as to each other is uncertain, but also a charge of the breach of a parol contract by Laird, and a fraudulent conversion by both defendants of the pledged collaterals to their own use, which would, according to Long *v.* Perdue, 2 Nor., 214, make them trustees *ex maleficio*, and accountable as such. It is therefore difficult to see how a case thus complicated can be properly disposed of in a common law action.

The decree of the court below is now reversed and set aside at the costs of the appellees, and a procedendo is ordered.