## Shaffer v. Hoke, Executor, et al.

*Equity—Jurisdiction—Legal remedy inadequate and inconvenient—Certificate of deposit—Gift.*

Plaintiff claimed deceased in his lifetime had given him a registered certificate of deposit on a trust company. The certificate was payable to bearer or the registered holder thereof. Deceased was the registered holder. No transfer of the certificate was made to the plaintiff on the books of the company. The executor of deceased told the trust company not to pay the coupons or principal to plaintiff, claimed no valid gift was made and that the certificate was still part of the estate. Plaintiff brought bill in equity to restrain executor from interfering with him in collecting the coupons and principal when due, for an order adjudging plaintiff to be the owner, and for an order on the company to pay him principal and interest when due. Defendants demurred on the ground that equity had no jurisdiction: *Held*, overruling the demurrer, (1) that legal remedies were not convenient or adequate; (2) plaintiff could not at law sue the trust company in his own name or force the executor to sue for him.

Demurrer to bill. C. P. Franklin Co., in Equity.

*William S. Hoerner,* for demurrer.

*J. R. Ruthrauff* (of *Ruthrauff & Nicklas*), contra.

GILLAN, P. J., Sept. 27, 1921.—The plaintiff having filed his bill, the defendant, John W. Hoke, executor demurs. The Chambersburg Trust Company answers, admitting the essential allegations of the bill. They admit that they have in hand $1000, with interest from Aug. 1, 1919, at 4 per cent., as stated in Exhibit "A," and are ready to pay the same to those entitled thereto. The respondent, John W. Hoke, executor, demurs. The first cause of demurrer is that the bill is defective in form: "The name of the defendant is Samuel Stinger, not Samuel Stenger." This ground of demurrer is overruled. It is not material, the executor of Samuel Stinger having appeared generally. If it were material, it can at any step of the proceedings be amended to correspond with the facts. The second ground of demurrer is want of jurisdiction in a court of equity. The matter has been argued before us with great ability. Not since we have been in our present position has any better brief been presented to us than the brief presented on either side in this case.

The only question we are called upon to decide is the question of jurisdiction. The plaintiff, by his bill, alleges that Samuel Stenger deposited in the Chambersburg Trust Company the sum of $1000; that the said trust company issued to him a certificate, of which the following is a copy:

"1000                No. 1333               1000

CHAMBERSBURG TRUST COMPANY

Chambersburg, Pa.

This is to certify that the sum of One Thousand Dollars has been deposited with the Chambersburg Trust Company payable to the bearer hereof, or, if

1 D. & C.

registered, to the registered holder hereof upon surrender of this Certificate on February 1st, 1924, with interest at the rate of Four per cent. per annum, payable quarterly upon the surrender of the annexed coupons therefor. The holder hereof can obtain payment before maturity by giving sixty days' notice in writing prior to any February interest period.

Chambersburg, Pa., Nov. 25, 1918.

CHAMBERSBURG TRUST COMPANY,<br>By Frank A. Zimmerman,<br>Treasurer."

Attached to the certificate were eighteen coupons, as follows:

"$10   Chambersburg Trust Company will pay to the bearer at its office in Chambersburg, Pa., Ten Dollars, on the first day of Aug., 1919, being three months' interest on its certificate of deposit No. 1333.

FRANK A. ZIMMERMAN,<br>Treasurer."

That the above-described certificate was registered on the books of the said trust company in the name of Samuel Stenger. That the said Samuel Stenger died on June 6, 1919. That from about March 1, 1919, until the time of his death he resided with the complainant in his house. "That a few days before his death, after having been advised by his physician that he could only live a short time, Samuel Stenger took from a package of papers which he kept in a bureau drawer in the room he occupied, the certificate of deposit, described in paragraph 3 above, which he handed to the plaintiff stating it was for him: which certificate of deposit plaintiff then and there took into his possession, and put it away in a chest in another room, where it remained in his exclusive possession and control until after the death of said decedent." That the said Samuel Stenger left a last will and testament, of which he appointed John W. Hoke, one of the respondents, executor. That letters testamentary were issued to the said Hoke. That the complainant has demanded of the respondent, the Chambersburg Trust Company, payment of the coupons due. That the respondent, John W. Hoke, has notified said trust company not to pay complainant any of the coupons which have matured or which may hereafter mature, nor principal when due. That the said trust company has refused to pay any of the coupons, and has refused to recognize in any way the complainant as the owner of said certificate or the coupons attached thereto.

In support of the proposition that jurisdiction in equity cannot be maintained, respondent cites Saving Fund Society v. Clark, 11 W. N. C. 118. A very cursory examination of the report of that case will show that it will not sustain the proposition. He further cites Merritt v. Penna. Trust Co., 50 Pitts. L. J. 301. In that case William Partridge had on deposit in his own name a sum of money in a bank. After his death another claimed that the money was hers, and filed a bill in equity to compel the administrator to pay the money to her. The court, Frazer, P. J., very properly held that Partridge being a bailee, the proper remedy was by assumpsit or trover, and dismissed the bill. It is alleged that, as the executor here is under the control and subject to the jurisdiction of the Orphans' Court, the acts of omission or commission of John W. Hoke, executor, sought to be controlled, are exclusively in the Orphans' Court and within its jurisdiction. If this certificate of deposit was not, at the time of his death, the property of Samuel Stenger, then his executor has nothing to do with it. The complainant is not subject to the jurisdiction of the Orphans' Court, as far as asserting the ownership of this certificate is concerned. The certificate was in his possession at the time of

Stenger's death. The question to be determined, as between Hoke and Shaffer, is whose property is it. The determination of this question is not within the jurisdiction of the Orphans' Court: Cutler's Estate, 225 Pa. 167. While this question was raised in the demurrer, respondent did not insist on it in his brief. The respondent insists, however, that the complainant has an adequate remedy at law. It must be kept in mind that the actor is the alleged donee of the gift; that he is attempting to establish the validity of the gift and his ownership of the property in dispute. He might possibly by some means establish his rights at law. He cannot in his own name maintain an action against the trust company. The obligation is not due. There is nothing on the books of the trust company to show that he has any claim against them. He cannot, without the consent of the executor, use his name in bringing the action. We know of no remedy at law by which he can compel the executor to transfer to him this certificate.

"To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. An existing remedy at law to induce equity to decline the exercise of its jurisdiction in favor of a suitor must be an adequate and complete one. And when from the nature and complications of a given case its justice can best be reached by means of the flexible machinery of a court of equity; in short, where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice:" Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589. "Jurisdiction in equity depends not so much on the want of a common law remedy as upon its inadequacy, and its exercise is a matter which often rests in the discretion of the court; in other words, the court may take upon itself to say whether the common law remedy is, under all the circumstances and in view of the conduct of the parties, sufficient for the purposes of complete justice, or whether the intervention of chancery may not for that purpose be required and beneficially applied: Bisph. Eq., § 484;" Bierbower's Appeal, 107 Pa. 14. "To oust the jurisdiction of equity it is not enough that there is a remedy at law. It must be plain and adequate; in other words, as practical and efficient to the ends of justice and its complete and prompt administration as the remedy in equity: Boyce v. Grundy, 3 Peters, 210; New London Bank v. Lee, 11 Conn. Reps. 112:" Bank of Kentucky v. Schuylkill Bank, 1 Parsons Select Equity Cases, 180. A bill in equity may be sustained solely on the ground that it is the most convenient remedy: Appeal of the Brush Electric Co. et al., 114 Pa. 574. Jurisdiction in equity is often assumed upon the ground that relief by bill is the most convenient, although there be remedy at law: Howell's Estate, 224 Pa. 415. To the same effect is Kerin v. Mercantile Trust Co., 226 Pa. 557. "The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction; the question is whether the remedy is adequate or complete: Bierbower's Appeal, 107 Pa. 14; Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589. And a bill may be sustained solely on the ground that it furnishes the most convenient remedy: Appeal of the Brush Electric Co. et al., 114 Pa. 574. In Independent B. & L. Ass'n v. Real Estate Title Co., 156 Pa. 181, it was said: 'Although an action of assumpsit might have been brought, yet relief in a clear subject of equity jurisdiction is not barred by the existence of a remedy at law, even if that remedy could be considered adequate.' To the same effect is Gray v. Citizens' Gas Co. of Port Allegany, 206 Pa. 303:" Edison Illuminating Co. v. Eastern Penna. Power Co., 253 Pa. 465.

Respondent further insists that this bill should be dismissed, not only for lack of jurisdiction, but for lack of substance in the bill. He insists that the title to the certificate, or the money it represents, could not, and did not, pass,

1 D. & C.

Shaffer *v.* Hoke, Executor, et al.

because there was no assignment or endorsement of the certificate. That it was a non-negotiable instrument, and that an assignment or endorsement was essential to a valid gift of the deposit. That matter will be considered on the trial of the case, if it proceeds to a trial. That is the very question which it will be necessary to inquire into at the hearing. We will not now decide it in this summary manner. We have said enough to show that equity has jurisdiction.

Now, therefore, Sept. 27, 1921, the demurrer is overruled, and the respondent, John W. Hoke, executor, will file his answer in accordance with the rules of equity practice.

From King Alexander, Chambersburg, Pa.