## Sambor v. Roseman et al.

*Jurisdiction, equity—Remedy at law inconvenient—Action to collect money judgment.*

1. A bill in equity may be maintained solely on the ground that it furnishes the most convenient remedy.

2. A bill in equity may be maintained by a real estate broker to recover his commission for procuring a purchaser of real estate where there are a number of unsettled judgments against the defendant, who effectively conceals his assets from the reach of creditors by keeping the title to his money and real estate in the names of straw men, among whom are the two co-defendants in the bill, one his brother-in-law and the other his chauffeur, since it would require a multiplicity of suits at law to recover the assets and the remedy at law of following the judgment by supplementary process would be inadequate, as the real estate held by the straw people would be transferred before the information as to their holdings could be elicited by such process.

Answer in equity raising question of jurisdiction on ground of adequate remedy at law. M. C. Phila. Co., May T., 1925, No. 1321.

*David S. Malis,* for plaintiff.

*Wolf, Patterson, Block & Schorr,* for defendants.

KNOWLES, J., July 15, 1925.—This is a preliminary answer filed by the defendants to the bill in equity of the plaintiff. The answer questions the right of the complainant to have equitable relief on the sole ground that there is a complete and adequate remedy at law.

The complainant alleges, in brief, that he was a broker who was the efficient and procuring cause in securing the sale of a piece of property owned by Alexander A. Roseman, one of the defendants. He alleges in the usual form the making of an agreement of agency, the contract for compensation

Sambor v. Roseman et al.

and the performance of his duty. He alleges the non-payment of his compensation after demand made.

The bill goes on to state that Roseman has a number of judgments against him which are unsatisfied; that he has for sometime concealed, and now continues to effectually conceal, his assets from reach of his creditors by keeping the title to his money and his real estate in the names of various straw people, including, among others, the two co-defendants, one of whom is his brother-in-law and the other his chauffeur.

The bill prays for equitable relief because the remedy at law would be inadequate, in that it would require a multiplicity of suits and actions against various people, including these defendants, in order to satisfy any judgments that may be secured, and it questioned the adequacy of the remedy at law, owing to the fact that the legal title to these various properties standing in the name of the co-defendants could be immediately transferred, so that there would be no effectual means of satisfying any judgments which might be procured.

The sole question, therefore, presented for the court's determination is not whether, under the state of facts mentioned above, this complainant has a remedy at law, but whether he has a complete and adequate remedy at law.

This question has come before the court for determination in various cases arising out of a contract between the parties, wherein similar contentions were made by the defendant.

The principle of law established in our Pennsylvania cases seems to make it clear that the mere existence of a remedy at law is not in itself sufficient to oust the jurisdiction of equity. The remedy which exists must not only be adequate, it must be complete, and the equitable jurisdiction will be entertained solely on the ground that it is the more convenient remedy.

In the case of Bierbower's Appeal, 107 Pa. 14, 17, the principle of law applicable was stated as follows:

"Granted that an action of assumpsit would lie against Laird, it does not, therefore, follow that the chancery side of the court has no jurisdiction.

"Jurisdiction in equity depends not so much on the want of a common law remedy as upon its inadequacy, and its exercise is a matter which often rests in the discretion of the court; in other words, the court may take upon itself to say whether the common law remedy is, under all the circumstances and in view of the conduct of the parties, sufficient for the purposes of complete justice, or whether the intervention of chancery may not for that purpose be required and beneficially applied: Bispham Eq., 484.

"Were, then, the complaint in this case directed against Laird alone, the court below might well have allowed this bill to stand and ordered the defendant to answer, for the allegation is not only of a trust, and that in favor of a married woman, but of a fraudulent disposition of the trust property, and thus the propriety of the interference of a chancellor is made manifest.

"But, in addition to this, there is a charge against another party, not in the original transaction, who assisted in the fraudulent disposition of the collaterals and their proceeds.

"In this view of the case, certainly no adequate or certain remedy can be found except in equity.

"In the case of Kirkpatrick v. McDonald, 11 Pa. 387, it was said that the equitable remedy may be adopted solely on the ground that it is more convenient than an action of assumpsit.

"In the present case the greater convenience of the chancery process cannot be doubted, for, admitting the possibility of compelling the defendants to

answer jointly in the action of *assumpsit* for the disposition of the collaterals in controversy, yet we may safely assert that the remedy thus proposed would be neither the most certain nor the most convenient.

"Conyngham's Appeal, 57 Pa. 474, was a case involving a pledge of collaterals like the one in hand, and because the account between the parties involved a number of items, it was held properly cognizable in equity.

"But the contention here now presented involves not merely an account as between parties whose status as to each other is uncertain, but also a charge of the breach of a parol contract by Laird and a fraudulent conversion by both defendants of the pledged collaterals to their own use, which would, according to Long *v.* Perdue, 83 Pa. 214, make them trustees *ex maleficio* and accountable as such. It is, therefore, difficult to see how a case thus complicated can be properly disposed of in a common law action."

In the case of Brush Electric Co., 114 Pa. 574, 584, the opinion states the case as follows:

"The plaintiffs' bill was summarily dismissed by the court below on the ground that they had an adequate remedy at law.

"In this it overruled the master, who, though finding the facts in favor of the defendant, yet was of the opinion that the bill should be retained until the stock, which the defendant had received from the Brush Company in execution of the contract of March 31, 1883, should be returned.

"In this he was undoubtedly correct, and the court erred in not adopting his recommendation. Equitable jurisdiction does not depend on the want of' a common law remedy, for whilst there may be such a remedy, it may be inadequate to meet all the requirements of a given case, or to effect complete justice between the contending parties; hence, the exercise of chancery powers must often depend on the sound discretion of the court: Bierbower's Appeal, 107 Pa. 14.

"So a bill may be sustained solely on the ground that it is the most convenient remedy: Kirkpatrick *v.* McDonald, 11 Pa. 387.

"But the bill in this case prays for the specific execution of the contract of March 31, 1883; a contract which, according to the finding of the master, the defendant company might elect either to affirm or rescind.

"If it chose to affirm, an account became necessary, for there was no convenient method of ascertaining the number of carbons bought from other parties than the Brush Company, except by the books, bills and other evidence within the power of the defendant.

"If, on the other hand, a rescission should be preferred, then it is clear that the plaintiffs must be restored to the status which they occupied at the date of the contract.

"In execution of this contract and as part of its consideration, the Brush Company assigned to the Allegheny Company some $5500 worth of the stock of the latter, and we agree with the master that this bill ought not to be dismissed until that stock is returned.

"But the above narrative establishes the fact that the common law remedy of covenant cannot be used, in any view of this case, to adjust the rights of the parties and administer specific justice.

"Whilst this remedy has been, and may still be, used to enforce the performance of a contract, yet a more inconvenient and inefficient one could scarcely be devised, so that, since our courts have been clothed with equity, powers, it is seldom or never resorted to.

"We have, therefore, no hesitation in agreeing with the learned master that the plaintiffs' remedy at law is not complete, adequate and satisfactory; that

the damages sustained by them can be better found and adjusted by a master than by a jury, and that the defendant should be put to an account should it fail to return the stock."

The question of law involved again came before the Supreme Court for consideration in the case of Building and Loan Ass'n v. Real Estate Title Co., 156 Pa. 181, 193, stating as follows: "The question of jurisdiction may be briefly disposed of. The bill was for the cancellation of the entry of satisfaction on complainant's mortgage, and its reinstatement as a prior lien to appellant's mortgage, on the ground that the entry had been procured by the fraud of appellant's agent, and, although an action of *assumpsit* might have been brought on the agent's promise or for money had and received for plaintiff's use, yet relief in a clear subject of equity jurisdiction is not barred by the existence of a remedy at law, even if, in view of the triangular nature of the contest here between the rights of the plaintiff, the appellant and Mrs. Wilson, that remedy could be considered adequate."

Again, the Supreme Court affirmed the complainant's right to equitable jurisdiction in the cases of Gray v. Gas Co., 206 Pa. 303, and Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589, 601. In the first named case the opinion states as follows:

"The question raised in this case is not alone whether plaintiff has a remedy at law, for that remedy it clearly has, but whether, in view of the facts, it is an adequate one.

"It may be conceded that the time is not very remote in our judicial history when a wronged party sought the intervention of equity and he could be truthfully met by the reply, you have a remedy at law in action for damages, such reply would have been the end of his bill; he would have been turned out of court for want of jurisdiction . . . ; courts now go further and inquire whether, under the facts, the remedy at law is not vexatiously inconvenient, and whether it is so proximately certain as to be adequate to right the wrong complained of.

"In this case the court below, giving only very meagre reasons and without citing a single authority, dismissed plaintiff's bill for want of jurisdiction.

"The learned judge says he had before him very full briefs of the opposing counsel and his decree is based on his conclusions from these briefs. What they contained by way of reason and authority we are not informed; it is simply impossible on this appeal to satisfactorily review the question at issue from the record before us.

"The court below should have all the material facts, either found or agreed upon, before it preliminary to its decree, and so should we.

"Necessarily, our opinion now must be brief, for we must carefully avoid prematurely intimating a decision before the facts necessary to an intelligent and lawful decree are before us.

"We can only say now that the court may or may not have jurisdiction. We do not know.

"The appeal is sustained and decree reversed. It is directed that the bill be reinstated and the record be remitted to the court below for further proceedings, as suggested in this opinion."

In the second named of the cases [Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589, 600] the opinion states the case as follows:

"It is further argued by counsel for the township supervisors that equity is without jurisdiction because the statute gives exclusive jurisdiction by petition to the Common Pleas in the proceeding there prescribed.

Sambor *v.* Roseman et al.

"It must be noticed that when the case came before us at Harrisburg and was argued, that, for reasons then apparent in the argument on both sides, the statutory proceeding attempted to be put in force had not reached all the proper parties to the issue, nor had it reached the real merits of the issue.

"It was aptly remarked by the Chief Justice in the opinion filed in that case that the statutory method of proceeding is closely assimilated to a proceeding in equity, and he says, 'whether we might not take up the case as if on an appeal in regard to an injunction is far from clear,' and just whose duty, whether that of the county or the township supervisors, it was to construct a crossing was also not clear.

"He then says: 'Under these circumstances, we have thought it best, without deciding the other questions, to turn over the appellant to the more plastic and convenient remedy of a bill to enjoin the construction of the bridge.'

"Whether, in the beginning, there might be sought a highway crossing at grade, where the precise statutory proceeding in form pointed out in the act would be held to be exclusive, we do not now decide.

"We do hold that, under the facts here developed, it is not exclusive in this case. There are four distinct parties defendants to this bill—the county commissioners, township supervisors, contractor for the bridge proper and contractor for the iron superstructure.

"The first two have certain duties to perform as public officers; the second are under obligations as individuals to perform contracts.

"In the former proceeding, just what were their respective duties as public officers under the law, or what the obligations of the other two defendants under their contracts, was involved in much doubt.

"Whether, even if a decree could have been made in a proceeding by petition under the statute, and whether it could have reached all whose rights might have been affected by it, was far from clear.

"The statute does not expressly give exclusive jurisdiction to the law side of the court.

"Under such circumstances, we are remitted to well-established rules to determine the jurisdiction.

"The most comprehensive statement of the rule and the one which has been followed by this court ever since its announcement in 1850 by Judge King in Bank of Virginia *v.* Adams, 1 Parsons, 534, is as follows: "To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. An existing remedy at law to induce equity to decline the exercise of its jurisdiction in favor of a suitor must be an adequate and complete one.

" 'And when from the nature and complications of a given case its justice can best be reached by means of the flexible machinery of a court of equity; in short, where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice.'

"Or, as Story states in section 33: 'The remedy at law must be plain; for if it be doubtful and obscure at law, equity will assert a jurisdiction.'

"Or, as this court stated it in Brush Electric Co.'s Appeal, 114 Pa. 574: 'A bill may be sustained solely on the ground that it is the most convenient remedy.' It has also been held that where the remedy is doubtful equity will entertain a bill.

"Here were five parties, each one affected, either officially or individually or in its corporate capacity, by the proposed grade crossing, and each having separate interests, to some extent antagonistic, depending on the evidence.

A comprehensive and just decree could only be made by ascertaining the exact nature of the duties and obligations and rights of each; the remedy most adequate was clearly in equity.

"Equity alone, after full hearing of all the parties, could make a proper decree. It would be oppressive and burdensome to hold that plaintiff should institute against each of defendants concerned in the construction of the bridge and crossing one or more suits at law to stop the work."

In the case of Edison Ill. Co. v. Power Co., 253 Pa. 457, the plaintiff had leased its system to a lessee whose rights and liabilities were taken over by the defendant. The lease contained covenants requiring the lessee to maintain the leased properties in a state of efficiency.

The bill of complaint prayed for an order against the lessee that it specifically perform the covenants of the lease requiring it to maintain the leased property in a state of efficiency.

It appeared that the depreciation at the time of the trial of the case had amounted to a certain definite sum enumerated.

The defendant's answer was that the plaintiff had an adequate remedy at law.

The lower court entered the decree for the plaintiff on the bill for specific performance, and the appeal was taken to the Supreme Court.

The Supreme Court affirmed the decree in an opinion holding, in part, as follows:

"Furthermore, a decree of specific performance here does not involve the supervision of the business of the corporation, but merely requires the replacing of property and restoring and maintaining the plant in a proper state of repair and efficiency.

"An action at law for damages clearly would not give adequate relief, for the reason that plaintiff would be obliged continually to institute actions for defaults or await the expiration of the lease at the end of ninety-nine years.

"The granting of specific performance is a matter largely within the discretion of the court, and must depend upon the varying circumstances of each particular case.

"No fixed rule can be laid down; the jurisdiction, however, must be regulated so as to meet the requirements of ever-changing business conditions and new rights and relations which constantly arise: Union Pacific Ry. Co. et al. v. Chicago, Rock Island & Pacific Ry. Co. et al., 163 U. S. 564, 601.

"The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction; the question is whether the remedy is adequate or complete: Bierbower's Appeal, 107 Pa. 14; Pennsylvania R. R. Co. v. Bogert, 209 Pa. 589; and a bill may be sustained solely on the ground that it furnishes the most convenient remedy: Brush Electric Co.'s Appeal, 114 Pa. 574.

"In Independent B. & L. Ass'n v. Real Estate Title Co., 156 Pa. 181, it was said (page 194) : 'Although an action of assumpsit might have been brought, . . . yet relief in a clear subject of equity jurisdiction is not barred by the existence of a remedy at law, even if . . . that remedy could be considered adequate.' To the same effect is Gray v. Citizens Gas Co. of Port Allegheny, 206 Pa. 303."

Applying these citations to the facts alleged in the bill, we conclude, therefore, that the remedy at law would not be complete, would not be adequate, nor is it the most convenient remedy to touch the relief sought by the complainant.

In the event that suit were instituted by an action of *assumpsit*, this complainant would get a judgment. He would then have to endeavor to satisfy that judgment by the various common law rights now existing.

He alleges there is no personal property on which the levy could be made. He alleges that similar judgments are unsatisfied.

Thereupon it would become necessary to bring the defendant, Roseman, into court to examine him under supplementary proceedings.

By that time, however, the information which this complainant might elicit would be worthless. Any equities in real estate which this complainant might own, although title thereto should be held in the name of straw people for his benefit, would be quickly transferred before the courts of law could grant him any relief.

Nor is the complainant seriously harmed because, under the new equity rules, he is entitled to have all questions of fact presented to a jury for determination as an aid to the chancellor.

We are, therefore, of the opinion that the facts here alleged constitute a case calling for the discretion of the court, which discretion the court now exercises by dismissing the preliminary answer, with leave to the respondents to file an answer to the merits of the bill.