Beach's Estate (Lorenzo's Petition).

Argued September 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John W. Conrad,* with him *W. N. Conrad,* of *Conrad & Conrad,* for appellant.

No appearance was made, nor brief filed, for appellee.

PER CURIAM, November 23, 1936:

Appellant submitted his case without any argument in his brief. The general rule is that appellant must not only specifically assign as error any rulings complained of but further must point out wherein the error lies and reasons therefor, or they will be deemed to have been waived: see *Bass v. State,* 58 Fla. 1, 50 So. 531; *Rayburn v. Guntersville Realty Co.,* 228 Ala. 662, 154 So. 812; *Cropsey v. Cropsey,* 104 N. J. Eq. 187, 144 Atl. 621. In other words, counsel must point out the reason why the ruling is claimed to be erroneous. In *Noble v. Noble,* 198 Cal. 129, 243 Pac. 439, the appellants set forth ten alleged errors of law committed by the trial court but did not mention or comment on them in the brief and, on appeal, they were treated as abandoned without further discussion. In *Universal Adjustment Corp. v. Midland Bank,* 281 Mass. 303, 184 N. E. 152, appellant at the conclusion of his brief insisted that the court consider every exception to evidence and to the rulings of the lower court although mention of them had not been specifically covered by argument. The court held that it was not required to deal with any exceptions not argued on appeal.

Where counsel merely assigns as error an order which is apparently valid on its face and submits no reason in his brief as to why the order is erroneous, this court has the right to consider the error, if any, waived.

Order affirmed at appellant's cost.