## Superior Mining Company Property Tax Sale.

## Hecla Coal & Coke Company Appeal et al.

Argued March 23, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas Watson*, with him *Rufus W. Marriner* and *John F. Wiley*, for Hecla Coal & Coke Company, intervenor, appellant.

*David H. Weiner*, for Washington County Commissioners, appellants.

*Thomas L. Anderson*, with him *John B. McCreight* and *Wray G. Zelt, Jr.*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 28, 1948:

The appeals are from the dismissal of a petition by County Commissioners for the resale of real estate which had been previously acquired by the county under a tax sale. A substantially higher offer had been submitted than the amount bid and accepted at the sale. The question is whether prescribed statutory procedure pertaining to tax sales must be strictly pursued. The court below ruled that there must be a strict compliance and that the County Commissioners were without authority to alter or vary the statutory procedure.

The lands of the Superior Mining Company were sold by the County Treasurer to the County of Washington on January 23, 1940, for the nonpayment of school, road and county taxes. Six years later the County Commissioners advertised the property to be sold on May 15, 1946, at an upset price of $161,070.91

which represented the amount of Commonwealth's liens, tax liens, municipal claims and costs. At said sale, the Commissioners were unable to obtain such a bid and the sale was postponed until June 17, 1946. In the meantime the Commissioners petitioned the Court of Common Pleas of Washington County to grant a rule on all interested parties to show cause why a decree should not be made that the property be sold free and clear of mortgages, municipal claims, and ground rents. The rule was granted and notice served on the Colonial Trust Company, of Pittsburgh, Trustee and Mortgagee for the bondholders (among which was the appellant, Hecla Coal & Coke Company). Colonial Trust Company, Trustee, failed to answer or show cause, whereupon the court below entered a decree directing the sale to be made without further advertisement. A public sale was conducted by the Commissioners on July 15, 1946, prior to which time they announced that "they reserved the right to reject any and all bids for said property". At the sale, the property was knocked down to Harry W. Trushel for $31,000. Trushel, the purchaser, made the down-payment required and tendered the balance of the purchase money to the County Commissioners prior to their decision to reject the bid and said tender was refused. On August 9, 1946, the Commissioners officially rejected the "bid". On August 21, 1946, the Commissioners petitioned for an order to resell. Trushel denied that he was given notice by the Commissioners that they reserved the right to accept or reject his "bid". Trushel's denial of notice we consider immaterial in passing on the question before us.

The court dismissed the petition. Prior to this order, Hecla Coal & Coke Company and the Colonial Trust Company petitioned the court for permission to intervene and file answers *nunc pro tunc* to the Rule issued on May 27, 1946, to show cause why the property should not be sold free and clear of all liens. The rule was

thereafter made absolute. Hecla Coal & Coke Company and Colonial Trust Company were restricted in their intervention *to a test of the constitutionality of the Act of 1931, as amended by the Act of 1943.* Upon the court's dismissal of the *Commissioners'* petition *for leave to re-sell,* appeals by the Commissioners, Hecla Coal & Coke Company and the Colonial Trust Company were taken. The Colonial Trust Company's appeal was not argued.

The procedure in this case is provided by the Act of May 29, 1931, P. L. 280, as amended by the Acts of May 21, 1943, P. L. 364, and May 24, 1945, P. L. 945, 72 PS, 5971q. *It is wholly statutory.* The Acts provide that where a county has purchased property because of the failure of the owner to pay taxes, the county may, after the period of redemption, expose the property to public sale after due advertising. The Acts also provide for the fixing of an "upset" price sufficient to pay costs, expenses, tax claims, etc. The Acts further provide that if at such sale the upset price is not bid, the Commissioners may postpone the sale and petition the court of common pleas to grant a rule on all interested parties to show cause why a decree should not be made that the property be sold freed and cleared of all claims. It is then provided:

"If . . . the court is satisfied that service has been made of said rule upon the parties respondent . . . it *shall* order and decree that said property be sold at a subsequent day to be fixed by the court without further advertisement clear of all mortgages, municipal claims and ground rents to the *highest bidder at such sale . . .*" (Emphasis supplied.)

The language of the statute is clear. Once the property has been offered for sale at an "upset" price which has not been met, if the court finds that proper notice has been given to interested parties, the court *must* order that the property be sold at a public sale held at a later date. The statute provides for only *two* sales—

viz: a sale at the upset price or a sale thereafter where the property will pass to the *"highest bidder"* free and clear of all claims. No authority is given the court by the Act to review the price or confirm the sale. Its jurisdiction has ended once it has ordered the second sale. The only provision in the statute whereby the sale may be set aside is the one giving the owner the right to redeem within ten days after the date of the sale and where fraud is established. Neither of these reasons appear in the facts of this case.

Nowhere in the Acts is provision made for the right of *County Commissioners to accept or reject bids.* ' "Where a method of procedure is provided by an Act, its provisions shall be strictly pursued and exclusively applied" ': *Era Co., Ltd., v. Pittsburgh Consolidation Coal Co.,* 355 Pa. 219, 220, 49 A. 2d 342. It was beyond the authority of the Commissioners to alter or vary the procedural directions of the Acts by reserving the right to accept or reject bids.

But even had it been permissible under the Acts for the Commissioners to accept or reject bids, a Commissioners' official public sale, like a Sheriff's sale, becomes final when the hammer falls. See: *Pennsylvania Company for Insurances on Lives and Granting Annuities, to use, Appellant, v. Broad Street Hospital,* 354 Pa. 123, 47 A. 2d 281, and the authorities cited therein.

Where a county purchases lands at a County Treasurer's sale, the county holds those lands as trustee for the benefit of all taxing authorities concerned: *Zerbe Township School District v. Thomas et al., County Commissioners,* 353 Pa. 162, 169, 44 A. 2d 566; *Andrews Land Corporation's Appeal,* 149 Pa. Superior Ct. 212, 27 A. 2d 700; *Erie Appeal,* 159 Pa. Superior Ct. 18, 46 A. 2d 592. It is therefore contended that *as fiduciaries,* the Commissioners are obligated to obtain the best price obtainable. But this contention is relative and limited by the Statute. The Act of May 24, 1945, P. L. 944, 20 PS, 818, 819, requires fiduciaries, in the absence of fraud,

to perform their contracts regardless of inadequacy of consideration or the receipt of an offer to deal on other terms, *"except as otherwise agreed by the parties"*. As the Commissioners followed the procedure required by the Act of 1931 and its supplements, and as there could be no agreements contrary to the terms of the Acts, the sale must be consummated as agreed.

Hecla Coal & Coke Company and the Colonial Trust Company were granted the right to intervene and file their answers *nunc pro tunc only* to test the constitutionality of the Act of 1931, as amended by the Act of 1943, supra. *They failed to raise any question concerning the constitutionality of the Acts.* The question must therefore be deemed to be abandoned or waived and need not be considered: *Beach's Estate*, 324 Pa. 142, 188 A. 108; *Stoner Estate*, 358 Pa. 252, 259.

For these reasons the court below was without authority to grant appellant's petition to resell the property and properly refused it. The appeals are dismissed and the orders affirmed at the cost of appellants.