Bolivar Borough Appeal.

Cochran Petition.

Argued March 21, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Carroll Caruthers*, with him *Willis E. Topper*, for Bolivar Borough, Bolivar Borough School District and Fairfield Township School District, appellants.

*Crowell & Whitehead*, for Fairfield Township, appellant.

*Vincent E. Williams*, County Solicitor, for appellees.

OPINION BY MR. JUSTICE LINN, April 11, 1949:

These four appeals, by the borough of Bolivar, the school district of the borough, the township of Fairfield and the school district of the township, respectively, present the same questions and will be considered in one opinion. They are appeals from orders authorizing the county commissioners of Westmoreland County to sell for $5,500 in the Fairfield township cases, and for $9,000 in the Bolivar borough cases, certain taxable premises acquired by the commissioners from the county treasurer on sales for delinquent taxes. Although the court authorized sales for the prices stated, the appellants contend that their higher bids of $6,000 for the Fairfield township lands and $25,862.33 for the Bolivar lands should have been accepted; they complain that the orders appealed from recited that the bids by counsel for the taxing authorities (the borough, township and their respective school districts) had not been made in good faith and did not bind the taxing authorities. The records do not contain sufficient facts to support the court's conclusion that the bids were not made in good faith; nor do they contain any justification for approving the sales at the lower bids in the face of the higher bids of the taxing authorities. As the record must support the action of the court, we cannot sustain the orders appealed from. At the oral argument appellants' counsel stated that the orders were not based on facts contained in the record; counsel for the appellee commissioners

agreed with that statement, but asserted that the learned judge who made the orders did so because he was familiar with all the circumstances involved which was sufficient justification.

Our cases furnish a variety of illustration of the invalidity of orders and judgments made on the basis of reports, communications, or information furnished to the court without properly bringing the same on the record: see *Patanyi v. Davis et al.*, 336 Pa. 476, 9 A. 2d 430 (1939); *Phila. Labor's Non Partisan League Club's Application*, 328 Pa. 465, 196 A. 22 (1938); *Erie City et al. v. Public Service Commission*, 278 Pa. 512, 123 A. 471 (1924); *Stitzel's Estate*, 221 Pa. 227, 70 A. 749 (1908); *Cage et al. v. Public Service Commission*, 125 Pa. Superior Ct. 330, 189 A. 896 (1937); *Weymers v. Weymers*, 81 Pa. Superior Ct. 432 (1923); *Philadelphia Rapid Transit Co. v. Public Service Commission*, 78 Pa. Superior Ct. 593 (1922).

The proceedings (taking the Bolivar cases as typical) began by petitions of the commissioners for orders authorizing private sale of certain real estate; described in the petition; to one L. G. Stutzman for the sum of $8,350.00. They averred that they had acquired the property from the county treasurer; that the records in the treasurer's office showed presently due tax liens aggregating $19,992.88 against this property; that Stutzman offered $8,350; that by the Act of May 25, 1933, P. L. 1019, as amended by Act of July 18, 1935, P. L. 1168, and the Act of May 15, 1945, P. L. 538, 72 PS 5970 a, b and c, they were empowered to sell such land at private sale on receiving the approval of the court; that the proceeds to be realized should "be prorated among the tax levying authorities in proportion to the respective amounts due them."

To that petition the borough filed an objection, stating that the amount offered was inadequate; that the property comprised "thirty-three (33) occupied dwell-

ings of a value of at least Sixty Thousand ($60,000.00) Dollars, with rental value in excess of Two Hundred Seventy ($270.00) Dollars per month and twenty-nine or more vacant lots." They averred that the "total assessed valuation for taxation purposes is $26,575.00. . . ." The borough also objected that Stutzman's offer was not the best obtainable and that the proposed sale would not be in the best interest of the tax levying authorities.

The court fixed July 9, 1948, for a hearing in the court house to determine whether the petition should be granted and, at the same time, ordered advertisement pursuant to the Act of May 25, 1933, P. L. 1019, Section 2, as amended, 72 PS 5970 b. On July 9, the court ordered "that the bid offered for the real estate is referred to the County Solicitor for the purpose of receiving other bids, the said officer to fix a time and place when he will receive such bids, and give five days' notice thereof to all parties of record, or their counsel, and to make report thereof to the Court within fifteen days."

On July 22nd, on motion of counsel for the borough and the school district, the date for hearing was extended 14 days. The county solicitor, to whom the reference was made on July 9th was Vincent E. Williams, who presented the case in this Court on behalf of the appellee-commissioners. On August 12th a return signed Vincent E. Williams, by Frederick T. Seymour, was filed. This return recited the order of July 9th, the extension of July 22nd, notice to the parties, and the holding of the meeting on August 6, 1948. In the brief filed in this Court on behalf of the commissioners, Vincent E. Williams states, "On August 6, 1948, the county solicitor then being on vacation, deputized Frederick T. Seymour, with the consent of the county commissioners, to sit and receive bids." The return made by Mr. Seymour recited that Vincent R. Smith had bid $9,000 for the property and the school district had bid $25,862.33; that he had then requested counsel appearing for the school

district and the borough to make a cash deposit and that they declined to do so; that he had requested them to produce a resolution from the taxing authorities authorizing them to bid and that they declined to comply with his request; that he then recommended to the court that authority be given to sell the property to Smith for $9,000. There is nothing in the record showing what, if any, terms of sale had been specified by the court prior to the sale.

We must reverse the orders appealed from for violation of the salutary rule, illustrated in the cases cited earlier in this opinion, requiring the parties to put on the record the facts justifying the decision, or in other words, requiring that the record sustain the order or judgment entered.

We must also call attention to the apparent disregard of the statutory requirements prescribed for the sale of land for delinquent taxes. When the commissioners took title from the county treasurer they became holders of the land in trust for the taxing authorities, the borough and the school district, with the duty of faithfully executing the trust: see *Zerbe Township School District et al. v. Thomas et al.*, 353 Pa. 162, 44 A. 2d 566 (1945); *Superior Mining Company Property Tax Sale,* 359 Pa. 357, 59 A. 2d 301 (1948); *Erie County's Appeal,* 149 Pa. Superior Ct. 212, 27 A. 2d 700 (1942); *Erie Appeal,* 159 Pa. Superior Ct. 18, 46 A. 2d 592 (1946); *Roth Appeal,* 159 Pa. Superior Ct. 145, 47 A. 2d 716 (1946). It was their obvious duty to the taxing authorities to get the best price obtainable in the circumstances. The statute provides, ". . . if it shall appear to the court that said sale should be made according to its terms, the court shall order the county commissioners to make and deliver to the purchaser a commissioners' deed for the proper conveying of said lands, and to collect the purchase price therefor. . . ."

Act of May 25, 1933, P. L. 1019, Section 3 as amended, 72 PS 5970 c.

If any testimony was taken, it is not in the record, nor does the record justify the delegation of authority by county solicitor Williams to Mr. Seymour. The order of reference "to the County Solicitor for the purpose of receiving other bids" and making report to the court apparently referred to the bids set forth in the petitions. There is nothing to show authority in Williams or in Seymour to reject bids or to demand cash or to challenge the authority of counsel appearing in the proceeding for the borough and for the school district. The Act of April 14, 1834, P. L. 333, section 71, 17 PS 1632, provides the method of requiring counsel to show his authority to appear; see *Gliwa et al. v. U. S. Steel Corp. et al.*, 322 Pa. 225, 185 A. 584 (1936).

Another matter brought to our attention after the cases appeared on our argument list may be noticed. On June 23, 1948, the court below specified that advertisement of the petition be made at least ten days prior to the return day in accord with the provision of the Act of May 25, 1933, P. L. 1019, 72 PS 5970 b, as amended. The record contained no proof that such advertisement had been made. On March 14, 1949, the commissioners presented in this Court a petition for leave to amend and supplement the record by filing in this Court affidavits of publication of the notice of the hearing on July 9, 1948, in the Latrobe Bulletin and in the Westmoreland Law Journal. We granted a rule to show cause which the defendant answered by objecting to the amendment. As we must reverse the orders appealed from, it is unnecessary now to pass on this petition to amend further than to say that the petition and answer will be returned to the court below with the record.

In each of the four appeals the order appealed from is reversed; costs to be paid by the county commissioners.