## New Castle City Appeal.

Argued September 29, 1949. Before 'MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert M. White,* City Solicitor, with him *Robert E. Jamison,* Assistant City Solicitor, for appellant.

*William McElwee, Jr.,* County Solicitor, for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 22, 1949:

The City of New Castle appeals from an order of the court below dismissing its exceptions to and approving a sale by the County Commissioners of Lawrence County of four parcels of unimproved land situate in the seventh Ward of the City of New Castle to the Lawrence Farm Bureau Cooperative Association (hereinafter referred to as "the Association") for a sum in excess of taxes, penalties, interest, and costs, and directing the County Commissioners to execute and deliver a deed to the Association upon payment of the purchase price.

The premises were acquired by the Commissioners in 1940 from the County Treasurer of Lawrence County on a sale for unpaid school taxes for the years 1929 and 1930. In 1948 the Association offered the County Com-

missioners the sum of $2,000 for the premises and on October 7, 1948, the Commissioners petitioned the court below, under the provisions of the Act of 1937, P. L. 787, as amended, 72 PS 5878a et seq., to approve a sale to the Association at this figure. Notice of filing the petition was given to the other taxing authorities, and a date set for hearing. The solicitor for the City of New Castle appeared at the hearing and offered a higher bid, whereupon the court below continued the hearing to afford an opportunity for competitive bidding. The highest bid of the City Solicitor was $6,644.04, and the final bid was made by the Association in the amount of $6,650. The sum of $6,644.04 was the exact sum of all outstanding unpaid taxes, penalties, interest, and costs upon the premises in question.

The City excepted to the sale on the ground that the School District of the City of New Castle or the City itself had previously acquired title to the premises under prior tax sales in 1922 and 1930, and therefore the County could not proceed to collect taxes due it by conducting another sale of its own, relying on the decision of the Superior Court in *Andrews Land Corporation's Appeal*, 149 Pa. Superior Ct. 212, 27 A. 2d 700. In the *Andrews* case the County Treasurer sold a property to the County Commissioners at a public County Treasurer's sale for unpaid county taxes, and thereafter the City Treasurer of the City of Erie attempted to expose the same land to public sale for unpaid city taxes and to sell it to the City of Erie. After the period for redemption had expired, the City petitioned the common pleas under the Act of 1937, supra, to sell the land at private sale and an order was entered approving the sale. On appeal the Superior Court reversed on the ground that after the County had acted and become the purchaser of the land for the benefit of all the tax-levying authorities the City could not sell the land over again in order that it might itself buy in the property as

trustee for the tax-levying authorities, and that the County was the only taxing authority empowered to sell at private sale or petition the court for approval of such sale. This decision was in accordance with the Act of 1937. But the law was changed by the amendatory act of May 21, 1943, P. L. 282, to provide that the petition to sell a property at private sale may be presented to the court not only by the taxing authority which has purchased the property, but by "any taxing authority having an interest therein".[1] This change in the prior law was taken note of by this Court in *Zerbe Township School District v. Thomas et al.*, 353 Pa. 162, 170, 44 A. 2d 566. The contention of the City that the County was without authority to petition for approval of a private sale of the property cannot therefore be sustained.

At the hearing on the City's exceptions, it was developed that the City and School District were interested in acquiring the land in question for playground purposes. On the basis of this, the City now argues that the court below abused its judicial discretion in not directing a conveyance to it, despite the higher offer of the Association. The Act of 1937, as amended, provides for approval of the proposed private sale if the court is satisfied that it "is proper and to the advantage of all the taxing authorities interested". As recognized by the Superior Court in *Imperial Cardiff Coal Company Appeal*, 156 Pa. Superior Ct. 301, 40 A. 2d 163, the statute does not necessarily prohibit a sale at a price less than the highest possible figure that can be obtained where such sale plainly operates to the benefit of all the taxing authorities. In that case, it was held that the common pleas did not abuse its discretion under the statute in

---

[1] Identical language is used in the amendatory act of May 17, 1945, P. L. 627, section 1. The amendatory Act of May 16, 1945, P. L. 603, section 1, adopted at the same session of the legislature and not referred to in the Act of May 17, 1945, P. L. 627, provides that the petition may be presented "by any municipality or municipalities having an interest therein".

approving a private sale of two tracts of land for less than the highest offer, where it appeared that it was to the advantage of the taxing authorities to accept the lower offer as part of a plan which resulted in payment of overdue taxes on other lands and in the reopening of a coal mine providing local employment. No such considerations, however, appear in this case. The City did not except to approval of the sale on the ground that it was not proper or to the advantage of all the taxing authorities interested, and the amount of the offer was in excess of all taxes, interest, penalties and costs against the premises in question. Moreover, the resolutions offered in evidence for the purpose of showing the city solicitor's authority to act disclose a limited authority to bid only the amount of the claims of the City and School District against the properties. Compare *Bolivar Borough Appeal,* 361 Pa. 577, 65 A. 2d 390. Under these circumstances, the court below did not abuse its discretionary authority in refusing to direct a conveyance of the properties to the City at the lower offer.

All of the taxing authorities having claims against the property had notice of the proposed sale, as required by the Act of 1937 as amended. In fact, at the sale, which was had upon the petition of the County Commissioners, the City of New Castle School District and the City of New Castle participated in the bidding and, as the court below correctly found, interposed no valid objections to the sale. The court thereupon, being satisfied that the sale had been conducted "in accordance with the statutes in such cases made and provided", entered a decree directing conveyance of the property by the County Commissioners to the purchaser at the sale.

Decree affirmed; costs of this appeal to be paid out of the fund.