## Bartram v. Stardrill-Keystone Co.

*Ralph D. McKee, Jr., Alter, Wright & Barron* and *Reed, Ewing & Ray*, for petitioner.

*Samuel K. McCune* and *Kirkpatrick, Pomeroy, Lockhart & Johnson*, for respondent.

THOMPSON, J., April 23, 1956.—Petitioner, Edna Hammond Bartram, resides in the Borough of New Wilmington, Lawrence County, and is the owner of stock in the Stardrill-Keystone Company, a corpora-

tion of the State of Pennsylvania, having its registered office at 1130 Oliver Building, City of Pittsburgh, as follows: 160 shares preferred stock, par value $10 each, 145 shares common stock, par value $1 each, and was the owner of said shares prior to December 15, 1955.

At a special meeting of the shareholders of the Stardrill-Keystone Company held December 15, 1955, a plan of merger with the Star Drilling Machine Company was adopted to become effective December 30, 1955. Petitioner returned her proxy for the said meeting indicating that she voted against the proposed merger and accompanying her proxy addressed a letter to Stardrill-Keystone Company dated November 28, 1955, stating her objections to the proposed merger.

Following the approval of said merger on December 15, 1955, petitioner addressed a letter to the Stardrill-Keystone Company dated December 19, 1955, stating her objection to the merger and giving notice of her intention to apply for appraisers. Having received no reply to her communication, petitioner sought and obtained a rule directed to the Stardrill-Keystone Company to show cause why three appraisers should not be appointed for the purpose of valuing her stock at its full market value without regard to any appreciation or depreciation in consequence of the aforesaid merger.

An answer was filed by the Stardrill-Keystone Company in which paragraphs 1 to 5 inclusive and paragraph 7 of the petition were admitted. As to the sixth paragraph it was admitted that on or about December 20, 1955, respondent received a notice of intention to file a petition for the appointment of appraisers, a true and correct copy of which is attached to the answer and marked exhibit A, but defendant contends that this notice is not in accordance with the requirements

of section 908 of the Business Corporation Law, as amended.

Defendant further denies that petitioner is entitled to the appointment of appraisers or to the payment of the fair value of her shares because she has failed to make written demand in accordance with section 908 of the Business Corporation Law.

There do not seem to be any disputed facts in this case and we are called upon to interpret the provisions of section 908 of the Business Corporation Law dated May 5, 1933, P. L. 364, as amended by the Act of March 31, 1941, P. L. 13. For our present purpose, we believe it is only necessary to refer to the amended act, which is an amendment of section 908 of the prior act. Certain requirements are imposed upon a dissenting stockholder as follows:

"A. If any shareholder of a corporation which becomes a party to a plan of merger or consolidation shall file with such corporation, prior to or at the meeting of shareholders at which the plan of merger or consolidation is submitted to a vote, a written objection to such plan of merger or consolidation, and shall not vote in favor thereof, and such shareholder, within twenty days after the merger or consolidation was effected, shall also make written demand on the surviving or new corporation for the payment of the fair value of his shares as of the day prior to the date on which the vote was taken approving the merger or consolidation, without regard to any depreciation or appreciation thereof in consequence of the merger or consolidation, the surviving or new corporation shall pay to such shareholder the fair value of his shares upon surrender of the share certificate or certificates representing his share. The demand of the shareholder shall state the number and class of the shares owned by him. Unless a shareholder files such written objection and also makes such demand within the

twenty-day period he shall be conclusively presumed to have consented to the merger or consolidation, and shall be bound by the terms thereof."

We have quoted the above from section 908 of the Business Corporation Law, as amended, as the same appears in the Acts of Assembly of 1941, P. L. 14.

Petitioner has objected in writing to the consolidation or merger prior to the meeting of the shareholders and voted against the same at the shareholders' meeting. The effective date of the consolidation was December 30, 1955, the date of the shareholders' meeting being December 15, 1955.

On December 19, 1955, petitioner wrote a letter to Stardrill-Keystone Company, which in due course was received by said company. This letter, which is set out as exhibit A in defendant's answer, reads as follows:

"Box 93
Dayton, Pennsylvania
December 19, 1955

"Stardrill-Keystone Company
920 17th Street
Beaver Falls, Pennsylvania
Attention: Secretary

"Dear Sir:

"You are hereby notified that I, the undersigned, a stockholder in the former Stardrill-Keystone Company, who objected to the proposed merger with the Star Drilling Machine Company, hereby give notice to you and to the new corporation that at the expiration of thirty (30) days from this date I propose to file in the Court of Common Pleas of Beaver County, Pennsylvania, my petition asking for the appointment by the Court of three appraisers to determine the value of the shares of stock so owned by me in the original Stardrill-Keystone Company as follows:

160 shares of preferred stock

145 shares of common stock

_____

305

and such appointment having been made and award based thereon approved by the Court I propose to collect the amount of said award, all in the manner outlined in the Act of May 3, 1909 P. L. 408 as amended by Act of August 17, 1951 P. L. 1267.

"Signed   Edna Hammon Bartram"

The issue in this matter, as we understand it, centers in the above quoted letter. It is the contention of defendant that this letter fails in certain respects to conform to the requirements of section 908. It is conceded, we believe, that the letter was written and received within the time provided by the act, but it is contended that the letter, while giving notice of an application for the appointment of appraisers, failed to comply with the requirements of the act. While defendant has not specifically set forth just in what respects petitioner has failed to comply with the act, we assume from the pleadings that it is contended:

First, that she has failed to make written demand for the fair value of her shares.

Second, that in applying first of all to the Court of Common Pleas of Beaver County for the appointment of appraisers, petitioner has acted contrary to the act inasmuch as the initial application should have been made to the Court of Common Pleas of Allegheny County.

Third, it is argued that the letter of petitioner, relating to the appointment of appraisers, concludes with these words: "I propose to collect the amount of said award, all in the manner outlined in the Act of May 3, 1909 P. L. 408 as amended by Act of August 17, 1951 P. L. 1267."

With respect to making demand for the payment of her shares, it seems to us that while petitioner may not have done so in the exact words of the act that there can be no misunderstanding by any reasonable person of her demand for such payment.

Petitioner did state that she was going to apply for the appointment of appraisers and the object of such appointment must certainly be understood to be a fixing of the price of her shares and a demand for the payment of such price when fixed.

As to the second objection, that application was made to the wrong court, it appears from the argument before us that defendant company has its plant in Beaver County, but its registered office in Allegheny County. While it is conceded that by a misunderstanding the initial application was made to the wrong court, this was not such a failure to comply with the intent of the act as in our opinion should disentitle petitioner to avail herself of its benefits.

As to the third objection, it does not have reference to the appointment of appraisers, but to the purpose of petitioner after the appraisers have completed the duties required of them. This final portion of the letter, exhibit A, may, we think, be treated as surplusage and is not a matter which should be considered by us at this stage of the proceeding.

Defendant has cited certain rather recent cases in our Supreme Court where section 908 of the Business Corporation Law has been construed, to wit: Era Co., Ltd. v. Pittsburgh Consolidation Coal Company, 355 Pa. 219. In that case the alleged agent of an undisclosed principal was seeking to claim the privilege of section 908. The court held that under the Business Corporation Law the shareholder was defined as the registered owner and that, therefore, the agent of a beneficial owner was not entitled to the benefits of the act.

Martin v. Pittsburgh Consolidation Coal Company, 355 Pa. 223, was decided on the same day. The court, at page 223, said:

"Appellant's stock was registered in the name of a stockbroker. As beneficial owner appellant filed a written . . . demand to be paid the fair value of his stock. The *registered owner*, however, took no part in the objection and demand.

"For the same reasons, and under the authorities cited in the *Era* case, the decree of the court below is affirmed at appellant's cost."

In Graves v. Pittsburgh Consolidation Coal Company, 355 Pa. 224, it was held that where a stockholder, after the merger had been approved, purchases additional shares in the corporation, which had been recorded as voting for the merger, and sells an equal number of shares of stock which he had voted against the merger, he was not entitled to avail himself of the privileges of the act.

In Kreher Appeal, 379 Pa. 313, it was the beneficial owner of shares of stock rather than the registered owner, who attempted to avail himself of the provisions of the act and the court followed the ruling in Era Company, Ltd. v. Pittsburgh Consolidation Coal Company, 355 Pa. 219.

The cases above mentioned have quite different facts from the case now before us. We are informed by counsel that our courts have not heretofore been faced with facts similar to those appearing in the present record. It is conceded that the act in question should be strictly construed. On the other hand, we think that it should be reasonably construed.

It was the expressed purpose of the Business Corporation Law as set forth in subparagraph b of section 908 of the Act of 1941, P. L. 15, that where: ". . . the action of any shareholder in refusing the offer of

the corporation has been arbitrary, vexatious, or in bad faith . . ." the costs shall be assessed in the discretion of the court.

The legislature has sought in the Business Corporation Law to prevent stockholders by vexatious means and for improper purposes from preventing mergers or attempting to collect more than their stock was reasonably worth. Subsequent events have no doubt justified this procedure. There is nothing in the record of the present case to indicate that any such ulterior purpose was in the mind of the present petitioner and no suggestion to that effect has been made.

Defendant, we think, is inclined to insist upon the letter rather than the spirit of the act. Defendant has been furnished by petitioner with all the information that is needed for its guidance.

We think that the rule for the appointment of appraisers should be made absolute. At the oral argument of this rule, it was agreed by counsel on both sides that if the court reached the conclusion that appraisers should be appointed that an interval of 30 days should be provided before any such appointment was made. We are in accord with that suggestion and in making the order will provide that the actual appointment of appraisers shall not be made until 30 days after the date of the order.

### Order

And now, to wit, April 23, 1956, the rule to show cause why the court should not appoint three appraisers for the purpose of valuing the stock of Edna Hammond Bartram without regard to any depreciation or appreciation thereof in consequence of the merger or consolidation set forth in the petition is made absolute, and a period of 30 days will be allowed for negotiations leading to an agreement between the parties before an actual appointment of appraisers is made.