369 A.2d 293
**David H. KUBERT, Appellant,**
**v.**
**The FIDELITY BANK, Appellee,**
**and**
**- The City of Philadelphia.**

Superior Court of Pennsylvania.

Argued June 15, 1976.

Decided Nov. 22, 1976.

62

David H. Kubert, inpropria persona, Philadelphia, for appellant.

James Charles Dobbs, Philadelphia, with him Arthur R. Littleton, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On June 26, 1975, the appellant filed a complaint in equity alleging that the appellee, The Fidelity Bank (Bank), had created a public nuisance by parking its vehicles on the public sidewalk on the south side of Sansom Street between Juniper and Broad Streets in Philadelphia. On July 21, 1975, the Bank filed preliminary objections to the appellant's complaint, averring that the complaint did not state a valid cause of action upon which relief could be granted. Specifically, the Bank claimed that the appellant failed to allege facts to demonstrate that he had suffered any injury beyond that which was suffered by the general public.

On July 31, 1975, the appellant responded to the Bank's preliminary objections by filing an amended com-

plaint in which he abandoned his claim that the Bank had created a public nuisance by obstructing the public sidewalk, alleging instead that the Bank's actions had infringed his constitutional right to travel. The appellant complained that he was forced to walk in the gutter of Sansom Street in order to proceed and that he was subjected to possible harm from both the noxious fumes emanating from the vehicles and the slippery droppings of gasoline, grease, and oil. The Bank again objected that the appellant did not state a valid cause of action upon which relief could be granted. The additional defendant, the City of Philadelphia, similarly objected.

On December 10, 1975, a hearing was held by the lower court on the preliminary objections. At this hearing, the appellant informed the lower court that he had recently become aware of the Act of May 3, 1927, P.L. 515, § 1 (17 P.S. § 305), which provides that the lower court may abate encroachments on public sidewalks upon the complaint of a private citizen, regardless of any special injury to that citizen, if written notice of the encroachment has been given the municipality by or on behalf of such citizen and the municipality has failed to act within thirty days of receiving such notice,[1] and requested leave

1.  The Act of May 3, 1927, P.L. 515, § 1 (17 P.S. § 305), provides:
    The courts of common pleas of the several counties of this Commonwealth, in addition to the powers and jurisdictions heretofore possessed and exercised, shall have the jurisdiction and powers of a court of chancery, so far as relates to the prevention, restraint, and abatement of encroachments on public sidewalks in front of residences, churches, hotels, apartment houses, or retail stores contrary to law and prejudicial to the interests of the community, upon the complaint of any municipality, or any citizen thereof, alleging injury thereby, without regard to whether or not such citizen has suffered damage or injury which is special to himself, where the said municipality has failed or refused to institute action for the prevention or restraint of such encroachments in front of residences, churches, hotels, apartment houses, or retail stores contrary to law, within thirty days after written notice thereof to such municipality by or on behalf of such citizen.

to amend his complaint to demonstrate compliance with the provisions of the statute.[2]

On December 15, 1975, the lower court dismissed the appellant's amended complaint in equity for failure to state a cause of action upon which relief could be granted. The lower court did not grant the appellant leave to amend his complaint. We believe that the appellant should have been allowed to show that he had complied with the provisions of the Act of May 3, 1927, P.L. 515, § 1 (17 P.S. § 305). We therefore reverse the order of the lower court dismissing the appellant's complaint and grant the appellant leave to amend his complaint.

█ █ The only issue before us on appeal is whether the lower court should have permitted the appellant to amend his complaint. The appellant failed to allege in his brief that the lower court erred by denying his claim that the Bank had violated his constitutional right to travel. We may therefore properly consider this issue as waived. *E. g., Beach's Estate* (Lorenzo's Petition), 324 Pa. 142, 188 A. 108 (1936). Furthermore, although the appellant does allege on appeal that a private citizen, who has not suffered injury distinguishable from that suffered by the general public, should be allowed to commence an action to enjoin a public nuisance, he expressly abandoned this claim in the court below at the hearing on the preliminary objections. While this issue may deserve careful consideration sometime in the future, the appellant is precluded from raising it in this appeal.

█ It is axiomatic in this Commonwealth that amendments to complaints will be liberally permitted in order to obtain substantial justice. The record clearly shows that justice does not lie here with the Bank. The Bank has undeniably inconvenienced and delayed a great number of citizens. For this reason, the Bank does not

2. At the hearing, the appellant attempted to show that he had provided the City of Philadelphia with notice of the Bank's actions in 1971.

attempt to justify its actions; rather, it seeks to terminate the appellant's complaint solely through technical objections.

The Bank contends that the appellant should not be allowed to amend his complaint because the appellant's attempt to aver compliance with the statutory notice requirements at the hearing on the preliminary objections constituted a "speaking demurrer," and as such was improper. While we agree with the Bank that a demurrer must be confined strictly to the record, and that the appellant had not demonstrated on the pleadings that he had standing to sue under the Act of May 3, 1927, P.L. 515, § 1 (17 P.S. § 305), we do not believe that appellant's request to amend his complaint in order to plead as fact his compliance with the Act may be considered a demurrer. The appellant certainly was not questioning the sufficiency of the pleadings by his request to amend; he merely wished leave to plead that he had complied with the notice provisions of the statute. There is no question that the Act of May 3, 1927, P.L. 515, § 1 (17 P.S. § 305), will provide the appellant with standing to bring an action against the Bank if he can show compliance with the statutory requirements. We therefore reverse the order of the lower court dismissing the appellant's complaint and grant the appellant leave to amend his complaint.