## Gray, Appellant, v. Citizens' Gas Company of Port Alleghany.

*Equity—Jurisdiction—Adequate remedy at law.*

In modern equity practice a complainant in a court of equity cannot be turned out of court for want of jurisdiction merely because he has a remedy at law ; it must be shown further that his remedy at law is adequate.

Where on an appeal from a decree dismissing a bill in equity for want of jurisdiction, the opinion of the court below and the record are so meagre that the appellate court cannot determine whether the plaintiff had or had not an adequate remedy at law, the decree will be reversed, and the record remitted for further proceedings.

Argued May 5, 1903. Appeal, No. 119, Jan. T., 1903, by plaintiff, from decree of C. P. McKean Co., June T., 1902, No. 2, dismissing bill in equity in case of John G. Gray and Carl R. Bard, trading as Gray Chemical Company, v. Citizens' Gas Company of Port Alleghany. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for specific performance of a contract for supplying natural gas to a chemical factory.

From the record it appeared that no hearing was had upon the merits, but by agreement of counsel a hearing was had before LINDSEY, P. J., specially presiding, on the question of jurisdiction raised by the answer. The court in a short opinion dismissed the bill for want of jurisdiction.

*Errors assigned* were as follows:

1. The learned court erred in refusing to take jurisdiction of the case.

2. The learned court erred in dismissing the plaintiff's bill for the reasons contained in the 4th section of the 29th paragraph of defendant's answer, which section is as follows:

"That specific performance of a contract of this character cannot be enforced for the reason that the contract is continuous, lasts for so long a time as gas can be procured from the territory which the Peoples' Gas Company had at the date of the making of said contract or thereafter acquired and would require a constant supervision and oversight by the court, which supervision and oversight by the court it is impossible to give and would involve a large amount of detail as to the matter of the number of wells to be drilled, size of lines to be laid, quantity of gas to be furnished and other matters relating to the corporate business of defendant company which the court has neither the time nor power to supervise, conduct or control."

3. The learned court erred in dismissing plaintiff's bill for the reasons contained in the 5th section of the 29th paragraph of defendant's answer, which section is as follows:

"That the plaintiff by its own bill shows that it has an adequate remedy in law, said bill assuming to estimate the damages which have been sustained and thereby showing to the court that the damages are capable of ascertainment, and therefore the plaintiff, if it has suffered any damage, can be compensated in an action."

4. The learned court erred in dismissing plaintiff's bill.

*John G. Johnson,* with him *H. N. Rose, Sheridan Gorton* and *Thomas F. Richmond,* for appellant.

*F. D. Gallup,* with him *George A. Berry* and *Robert L. Edgett,* for appellee.

PER CURIAM, May 18, 1903 :

The question raised in this case is not alone whether plaintiff has a remedy at law, for that remedy it clearly has, but whether in view of the facts it is an adequate one. It may be conceded, that the time is not very remote in our judicial history, when a wronged party sought the intervention of equity, and he could be truthfully met by the reply, you have a remedy at law in action for damages, such reply would have been the end of his bill; he would have been turned out of court for want of jurisdiction. But this answer is no longer conclusive as to the jurisdiction ; courts now go further and inquire, whether under the facts the remedy at law is not vexatiously inconvenient and whether it is so proximately certain as to be adequate to right the wrong complained of. In this case the court below giving only very meagre reasons, and without citing a single authority, dismissed plaintiff's bill, for want of jurisdiction. The learned judge says he had before him very full briefs of the opposing counsel and his decree is based on his conclusions from these briefs ; what they contained by way of reason and authority we are not informed; it is simply impossible on this appeal to satisfactorily review the question at issue from the record before us. The court below should have all the material facts, either found or agreed upon, before it, preliminary to its decree and so should we. Necessarily our opinion now must be brief, for we must carefully avoid prematurely intimating a decision, before the facts necessary to an intelligent and lawful decree are before us. We can only say now, that the court may or may not have jurisdiction. We do not know.

The appeal is sustained and decree reversed ; it is directed that the bill be reinstated and the record be remitted to the court below for further proceedings as suggested in this opinion.