Poinsard, Appellant, *v.* Poinsard et. al.

314

Argued March 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. J. Fitzgerald,* and with him *W. W. Baylor,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellant.

*John Memolo,* for appellees.

OPINION BY STADTFELD, J., April 15, 1935:

The complainant, Henry Poinsard, brought his bill in equity against his mother, Pauline Poinsard, his brother, Paul Poinsard, and his sisters, Marie Poinsard Wazniewski and Anna Poinsard Kraft, averring

that on January 9, 1930, his father, now deceased, joined by his wife, Pauline Poinsard, the complainant's mother, executed and acknowledged three deeds and at the very same moment delivered all three of said deeds to his wife, Pauline Poinsard.

One deed named Anna Poinsard Kraft as grantee, and with this deed we are not concerned in this case. Another deed named three children as grantees, viz., Paul Poinsard, Marie Poinsard Wazniewski, two of the defendants, and Henry Poinsard, the complainant. This deed described a piece of land adjoining that conveyed to Mrs. Kraft. The third deed conveyed to Marie Poinsard Wazniewski and Paul Poinsard exactly the same lands as those described in the deed to Paul, Marie and Henry. All three deeds reserved unto the father and mother and the survivor an estate for life. The bill averred that the mother recorded the deed to Anna Poinsard Kraft and the deed to Paul and Marie, but did not record the deed to Paul, Marie and Henry, the complainant, and that she still retains this deed. It further averred that the defendants are attempting to sell the lands described in the last two mentioned deeds, and unless they are restrained the complainant will suffer irreparable damage.

He thereupon prayed: 1st, that the defendants be restrained from selling the lands described in the deed in which his name is mentioned; 2nd, that they be ordered to deliver the deed up for recording; 3rd, that he be declared owner of a one-third interest in the land, subject to the life estate of his mother, and 4th, for other and further relief.

By agreement an order was made dismissing the bill as to Anna Poinsard Kraft, as she disclaimed of record any connection with the transaction. The other defendants filed preliminary objections to the bill, viz., that the bill set out no cause of action; that the defendants should not have been joined; that the bill

contained irrelevant matter, and that the facts were so averred that they could not make answer; that there was an adequate remedy at law; and that the bill failed to aver a delivery of the deeds in question. The case was argued before the court en banc, and the court in an opinion by LEACH, J., sustained the defendants' objections and dismissed the bill on the theory that there is an adequate remedy at law, because under the Act of 1863, P. L. 188, 21 PS 353, the complainant could compel the defendants, upon six months' notice, to produce the deed in question, and that accordingly equity has no jurisdiction. The complainant excepted, and appealed.

We can not agree with the lower court that equity, under the averments of the bill, has no jurisdiction.

It is questionable whether the alleged delivery of the deeds to Pauline Poinsard, the wife of Emile Poinsard, in both of whom and the survivor of them, a life estate was reserved, constituted such a delivery as to vest an interest in the remaindermen in either deed. On this, however, we express no opinion. By the recording of one of the deeds, the interest, if any, of complainant, by virtue of the other deed, is necessarily imperiled. The two deeds are inconsistent.

Pending the six months' notice required under the Act of 1863, supra, defendants could sell the real estate in dispute to an innocent purchaser for value, or encumber the same. Even if delivered at the present time, in view of the recording of the other deed, the interest, if any, of complainant would still be in jeopardy. We do not consider the remedy under said act as adequate.

Pending the ascertainment of the facts as to the execution of two inconsistent deeds, in so far as different grantees are named, and the recording of one in preference to the other, complainant is entitled to protection. When these facts shall have been ascer-

tained, a proper remedy, if complainant be entitled thereto, will suggest itself. In the meantime, the court should retain jurisdiction.

"To oust jurisdiction in equity, 'It (the remedy) must be complete; that is, it must attain the full end and justice of the case; it must reach the whole mischief and secure the whole right of the party, in a perfect manner, at the present time, and in the future' '': Mr. Justice DEAN, quoting from Story's Equity Juris., Sec. 33, in Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 40, 45, 37 A. 191.

In Gray v. Citizens' Gas Co., 206 Pa. 303, 55 A. 1135, the Supreme Court said, on p. 305: "The question raised in this case is not alone whether plaintiff has a remedy at law, for that remedy it clearly has, but whether in view of the facts it is an adequate one. It may be conceded, that the time is not very remote in our judicial history, when a wronged party sought the intervention of equity, and he could be truthfully met by the reply, you have a remedy at law in action for damages, such reply would have been the end of his bill; he would have been turned out of court for want of jurisdiction. But this answer is no longer conclusive as to the jurisdiction; courts now go further and inquire, whether under the facts the remedy at law is not vexatiously inconvenient and whether it is so proximately certain as to be adequate to right the wrong complained of.''

The assignment of error is sustained, the order dismissing the bill reversed, and the bill is reinstated and the record is remitted for further proceedings not inconsistent with this opinion.