Wood et al. *v.* Goldvarg et al., Appellants.

Argued April 12, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Reuben Fingold,* with him *A. S. Fingold* and *Frank R. Sack,* for appellants.

*Clair V. Duff,* with him *Robert A. Doyle, James H. Nugent* and *Duff, Stockdale & Doyle,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, June 26, 1950:

Plaintiffs, residents of the Borough of Brentwood, Allegheny County, seek to enjoin the construction of an apartment building by Parkhill Apartments, Inc., one of defendants. Preliminary objections contesting jurisdiction in equity were overruled and the injunction granted, pending final hearing. Defendants then brought this appeal.

The bill of complaint alleges that plaintiffs are the owners of property adjoining land formerly owned by defendant, Ralph Goldvarg, and now owned by Parkhill Apartments, Inc., a corporation controlled by Goldvarg. In 1946 plaintiffs and Goldvarg entered into a contract whereby Goldvarg agreed to aid plaintiffs, in their efforts to have Woodrow Avenue, a nearby street, improved by the Borough Council and plaintiffs agreed to withdraw objections to Goldvarg's petition for a zoning change to permit the erection of a double duplex apartment on his property. The Zoning Adjustment Board then recommended that change and in November 1946 the Coun-

94

cil passed an ordinance permitting the erection of any type multiple dwelling on the Goldvarg property. At the same time an ordinance was passed calling for the improvement of Woodrow Avenue. Goldvarg had originally been refused a zoning reclassification and it was only after the parties entered into the contract that his efforts succeeded. It is quite obvious that had plaintiffs continued their objections, the re-zoning would not have been accomplished. In his negotiations with plaintiffs and his petition to the Board, Goldvarg never sought nor expected to obtain permission to construct anything but a double duplex apartment. In 1949 Goldvarg obtained a building permit to erect a 14-family, 3-story apartment house on his land and subsequently began excavating the foundation.

Plaintiffs immediately filed this bill in equity to enjoin the construction of that building and after setting forth the above facts alleged that the Zoning Ordinance of 1946 was invalid because no notice of a public hearing was given as required by the Act of June 29, 1923, P. L. 957, §4, and further that the building now being constructed violates the terms of the above contract causing irreparable damage to plaintiffs' property rights.

Defendants filed preliminary objections averring that equity has no jurisdiction. That argument is grounded on the theory that there is an adequate remedy at law either by appeal from the issuance of the permit to the Zoning Adjustment Board and thence to the Court of Common Pleas [1] or by contesting the validity of the Ordinance in Quarter Sessions Court.[2] Therefore, the sole question now before us is whether or not the averments of the bill set forth a case for equitable relief.

Equity's jurisdiction to protect property rights from damage not capable of monetary evaluation is here being

[1] Act of June 29, 1923, P. L. 957 as amended.
[2] Act of May 4, 1927, P. L. 519, §1010 as amended.

invoked. It is well settled that in order to oust equity jurisdiction, there must be a legal remedy that is adequate and complete: *Fraser Fund v. Fraser,* 350 Pa. 553, 40 A. 2d 22; *Hunter v. McKlveen,* 353 Pa. 357, 45 A. 2d 222. It is quite apparent that no remedy at law could adequately protect the property rights of plaintiffs from Goldvarg's attempt to violate his agreement and to proceed to construct the proposed apartment building under an alleged invalid ordinance. The present controversy is not the ordinary zoning case in which disgruntled neighbors seek to contest the validity of an ordinance merely, or to question the administrative decision of either the building inspector or the Board of Adjustment. It would be absurd to compel plaintiffs, under the circumstances here involved, to proceed at law under either the Act of 1923 or that of 1927, supra, for the obvious reason that while such litigation was in progress, defendants' building would be erected and as a result irreparable damages would be sustained by plaintiffs. Therefore, the learned court below properly dismissed defendants' preliminary objections.

Order affirmed; costs to be paid by defendants.