## Wyszynski, Appellant, v. Philadelphia.

Argued April 18, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Harry R. Back,* with him *Garfield Levy* and *Back & Levy,* for appellants.

*James L. Stern,* Assistant City Solicitor, with him *Abraham L. Freedman,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1952:

The single question is whether or not the remedy against the enforcement of penalties for an alleged zoning violation provided by the Zoning Act of May 6, 1929 P. L. 1551, 53 PS 3822 et seq. is exclusive. The court below ruled that it was. This appeal followed.

Appellants aver, in their bill in equity to enjoin the enforcement of an order of a Bureau of Engineering, Surveys and Zoning, that appellants acquired title to real estate in a zoned area on January 5, 1945; that in February, 1947, they filed with the Bureau an application for a permit authorizing the operation of a smoke house and refrigerator room; the permit was granted on February 26, 1947; money was spent in equipping the premises for such permitted use; on July 9, 1947, the premises were condemned because of alleged "illegal use"; on August 1, 1947, the permit issued on February 26, 1947, was revoked; and the city has issued a summons to collect penalties. The present bill in equity was filed October 4, 1951. According to the argument on appeal, it would appear

that the real question upon the merits is whether the permit granted related to a *commercial* project or was limited to a *residential* use. This in turn was interrelated to fraud, accident or mistake in the grant and revocation of the permit.

Where a permit was granted in February, *1947,* but revoked in August, *1947,* and apparently nothing done meantime until the filing of the present bill *in equity* on October 4, *1951,* it is difficult to comprehend, even in equity, how appellants *now* could be afforded the relief which they seek. The Zoning Act, supra, affords complete statutory procedure and remedies. This Court has so decided, and that such procedure and remedy is exclusive: *Taylor v. Moore,* 303 Pa. 469, 154 A. 799; *White v. Old York Road Country Club,* 318 Pa. 346, 178 A. 3; *Wojnar v. Yale and Towne Manufacturing Company, Inc.,* 348 Pa. 595, 36 A. 2d 321; *Castle Shannon Coal Corporation v. Upper St. Clair Township,* 370 Pa. 211, 88 A. 2d 56. See also *Bartron v. Northampton County,* 342 Pa. 163. 168, 19 A. 2d 263; *Keefer Estate,* 351 Pa. 343, 344, 41 A. 2d 666; *Thompson v. Morrison,* 352 Pa. 616, 624, 44 A. 2d 55; *Era Co., Ltd., v. Pittsburgh Consolidation Coal Co.,* 355 Pa. 219, 220, 49 A. 2d 342; *Schwab Adoption Case,* 355 Pa. 534, 537, 50 A. 2d 504. It is, therefore, unnecessary for us to decide whether the application for amendment to the bill in equity should have been allowed in order to aver that the revocation of the permit was merely "attempted."

Appellants' arguments that the Bureau of Engineering, Surveys and Zoning had no power to revoke their permit and that the attempt to do so interfered with appellants' vested rights, relate to the *merits* of their claim that the action of the Bureau was improper. These matters have no relevancy to a determination of the *forum* in which the propriety of such action shall be

adjudicated. Section 8 of the Zoning Act, supra, provides that "Appeals to the board of adjustment may be taken by any person aggrieved . . . by any decision of the administrative officer." Whether or not the order of August 1, 1947, was a proper one under all the circumstances, nevertheless, it constituted a "decision of the administrative officer". Indeed, two of the cases principally relied on by appellants in presenting the vested rights argument involved revocation of permits from which appeals were taken under the procedure provided by the Zoning Act. *Herskovits v. Irwin,* 299 Pa. 155, 149 A. 195, is probably the leading case in this Commonwealth on the doctrine of vested rights accruing from improvements made pursuant to a zoning permit. There the property owner appealed to the board of adjustment objecting, *inter alia,* that "the building inspector, at the direction of the township commissioners, revoked the permit which he had previously issued." The board of adjustment reversed the building inspector. On subsequent appeals provided by the Zoning Act, both the court below and this Court sustained the action of the board of adjustment. The present appellants have given the *board of adjustment* no opportunity to reverse the Bureau: See sec. 9, Zoning Act, supra, 53 PS sec. 3830. In *Ventresca v. Exley,* 358 Pa. 98, 56 A. 2d 210, the Philadelphia Zoning Board of Adjustment directed the revocation of permits issued in accordance with certificates of variance which it had granted. The aggrieved property owner obtained a writ of certiorari from the Court of Common Pleas, which sustained his appeal. The City of Philadelphia and some intervening neighbors then appealed to this Court, and the order of the board of adjustment was reinstated. All this procedure complied with that provided by the Zoning Act. Mr. Justice HORACE STERN, in delivering the unanimous opinion of this Court, said.

(p. 102) : "If, then, the certificates of variance were improperly and illegally granted, it would seem self-evident that the Board of Adjustment had not only the right but the duty to revoke them even if there were no express grant of power of revocation given to the Board by statute or ordinance.  In fact, however, the City Ordinance of August 10, 1933, section 29(6) does expressly provide that the Board 'may . . . cancel or revoke a Board of Adjustment certificate for the violation . . . of this ordinance,' and since the Board is thus given the power to revoke a certificate if there be any violation of the ordinance on the part of the grantee it would be absurd to contend that it could not similarly revoke a certificate by the issuance of which it had itself violated both the ordinance and the Act of Assembly."  See also *Vogt v. Port Vue Borough*, 170 Pa. Superior Ct. 526, —— A. 2d ——.

The procedure provided by the Zoning Act, supra, is exclusive.  In the circumstances of this case, accepting as true all the averments in the bill, equity is not the forum in which to try this case.

Decree affirmed at appellants' cost.