## Barth, Appellant, *v.* Gorson.

612

Argued December 1, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*John E. Walsh, Jr.,* with him *C. Laurence Cushmore, Jr.,* and *White, Williams & Scott,* for appellants.

*James L. Stern,* Deputy City Solicitor and *Marcus Manoff,* with them *Abraham L. Freedman,* City Solicitor, *Karl I. Schofield,* Assistant City Solicitor, *Robert McCay Green,* and *Dilworth, Paxson, Kalish & Green,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 4, 1956:

Where the constitutionality of a zoning ordinance is questioned, should the procedure be in *equity* or by *statute*? The learned court below ruled that the *statutory* provisions must be strictly pursued and exclusively applied. An appeal followed.

Paul A. Barth, Jr., and wife, plaintiffs, are owners of a single dwelling and lot located on the northwest

side of Knights Road, 652 feet southwest of the intersection of Knights and Byberry Roads, in the City of Philadelphia. The lot has a frontage on Knights Road of 75 feet and a depth of approximately 197 feet. Joseph N. Gorson, a defendant, is the owner of a tract of land of over 33 acres in area, across the road from plaintiffs' land, approximately 350 feet southwest therefrom. Both tracts were zoned "A" Residential. By Ordinance No. 340, dated June 10, 1954, most of the Gorson tract was down-graded from Class "A" Residential to Class "C-1" Residential. Plaintiffs filed a complaint in equity against defendant Joseph N. Gorson and defendant City of Philadelphia and officials of the City, praying (a) that the ordinance of 1954 rezoning the premises in question be declared unconstitutional, (b) that the proper city officials be directed to replace upon the zoning map a re-classification of the property, (c) that defendant Joseph N. Gorson be enjoined and restrained from applying for a permit under the re-zoning ordinance, (d) that the city officials be enjoined and restrained from issuing a permit or license under the ordinance, and (e) that the City Planning Commission be enjoined and restrained from filing a copy of such ordinance in the office of the Recorder of Deeds and changing the classification on the zoning maps as directed by the ordinance. Defendants filed preliminary objections which were sustained.

Zoning by council of cities of the first class is authorized by the Act of May 6, 1929, P. L. 1551, section 1, 53 PS 3822 et seq. Procedure is specifically provided under Section 6 of the Act. The Act directs the establishment of a zoning commission which is to make reports to the city council recommending appropriate zoning. The procedure before council is stated. Section 8 of the Act provides for the erection of a Board

of Adjustment, to which appeals may be taken ". . . *by any person aggrieved . . . by any decision of [an] administrative officer. . . ."* It is also provided in Section 8 that the Board of Adjustment shall have power: "1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this act, or of any ordinance adopted pursuant thereto." It is further provided: "Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the city, may present to a court of record a petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality. . . ."

Section 5-1006 of the Philadelphia Home Rule Charter provides: "(1) In accordance with any statute or ordinance as now or hereafter in force, the Zoning Board of Adjustment shall: (a) Hear and decide appeals in zoning matters where error is alleged in any order, requirement, decision or determination made by an administrative official in the enforcement of *zoning ordinances,* regulations and *maps; . . ."* (Emphasis supplied.)

Plaintiffs contend that the re-zoning ordinance is discriminatory, constituting a taking of plaintiffs' land without due process of law, and hence is unconstitutional. They further maintain that their remedy under the zoning statutes is not adequate. With this we do not agree.

The Act of May 6, 1929, supra, specifically provides that any person aggrieved by any decision of an administrative official may appeal that decision to the Board of Adjustment, and an appeal may be had from the Board's decision to a court of record. Ordinance No. 340 directs the City Planning Commission to

change the classification on the zoning maps in accordance with the ordinance. Such change is an appealable administrative act. See *Seeney v. Dintenfass, Inc.*, C. P. No. 3, September Term, 1954, No. 2197, MacNeille, P. J.

Section 13 of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS 156, provides that where a procedure is provided by statute, that procedure must be strictly pursued. In *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356, this Court held that a court of equity does not have jurisdiction to decide whether a property was zoned discriminatorily and whether a zoning ordinance is unconstitutional in its classification of a particular property.

In *Mazeika v. American Oil Company*, 383 Pa. 191, 118 A. 2d 142, we said (p. 194) : ". . . Zoning, being statutory, is exclusively matter of law and not equity. The procedure to be followed is prescribed in detail in the various zoning Acts of Assembly. Nowhere in the various statutes is provision made, expressly or by implication, for the application of equitable principles. When a procedure is stipulated by a statute, its provisions must be strictly pursued and exclusively applied: Taylor v. Moore, 303 Pa. 469, 154 A. 799; White v. Old York Road Country Club, 318 Pa. 346, 178 A. 3; Bartron v. Northampton County, 342 Pa. 163, 19 A. 2d 263; Thompson v. Morrison, Secretary of Commonwealth, 352 Pa. 616, 44 A. 2d 55; Era Co., Ltd. v. Pittsburgh Consolidation Coal Co., 355 Pa. 219, 49 A. 2d 342; Quein Will, 361 Pa. 133, 62 A. 2d 909. It is only where statutory authorities do an illegal act, or one which they have no authority to perform, that equity will grant relief: Dougherty, Trustee v. Philadelphia, 314 Pa. 298, 301, 177 A. 583; White v. Old York Road Country Club, 318 Pa. 346, 352, 178 A. 3; Jacobs v. Fetzer, 381 Pa. 262, 266, 112 A. 2d 356."

616

Appellants rely heavily on *Kelly v. Philadelphia*, 382 Pa. 459, 115 A. 2d 238. In that case equity took jurisdiction to determine whether or not an injunction should issue restraining an *anticipated* nuisance which, it was alleged, might result from the erection of a large public incinerator. As an incidental factor, this Court decided that a zoning ordinance was invalid which sought to modify an existing zoning situation in order to permit the erection of the incinerator. Equity having assumed jurisdiction for one purpose will retain it for all purposes, even though it adjudicates questions which, in the first instance, would not have warranted a court of chancery in assuming jurisdiction: *Mower v. Mower*, 367 Pa. 325, 328, 80 A. 2d 856; *Nedwidek v. Nedwidek*, 371 Pa. 621, 625, 92 A. 2d 536; *Buswell v. Buswell*, 377 Pa. 487, 494, 105 A. 2d 608. Such a situation is clearly distinguished from a situation where a zoning ordinance is questioned and jurisdiction in equity is sought. In *Mazeika v. American Oil Company*, 383 Pa. 191, 118 A. 2d 142, this Court held that in a zoning appeal, which is exclusively statutory, equitable principles may not be applied.

In the case now presented, the chancellor declined to assume equity jurisdiction. The alleged injury for which appellants seek injunctive relief is that the ". . . Ordinance is contrary to the safety and peaceful enjoyment of [appellants'] property as a dwelling, and will cause [appellants] annoyance and distress, and constitute a danger to the [appellants] by increase of vehicular traffic upon the highways and cause greater inadequate transportation facilities." Clearly, such an averment is inadequate to warrant assumption of jurisdiction by a court of equity. In *Pennsylvania Co. v. Sun Co.*, 290 Pa. 404, 138 A. 909, this Court said (p. 409) : ". . . equity will not interfere unless its right to do so is free from doubt: Sparhawk v. The Union

Passenger Ry. Co., 54 Pa. 401, 426. The wrong or injury resulting from the pursuit of a trade or business must be plainly manifest or certain to follow: Rhodes v. Dunbar, supra, p. 290; Wier's App., 74 Pa. 230. If the injury be doubtful, eventual, or contingent, equity will not grant relief: Rhodes v. Dunbar, supra. The fact that it might possibly work injury is not sufficient." Since no facts are averred or established which constitute a nuisance and warrant injunctive relief, the complaint was properly dismissed.

The decree of the court below is affirmed at cost of the appellants.