Lewis, Appellant, *v.* Emmott.

Argued April 19, 1956. Before STERN, C. J., BELL, CHIDSEY and ARNOLD, JJ.

*C. Norwood Wherry,* with him *Holl, Taylor & Holl,* for appellants.

*Ralph L. Lindenmuth,* with him *Lindenmuth & Class,* for appellees.

OPINION BY MR. JUSTICE BELL, May 21, 1956:

The Order of the Court of Common Pleas is affirmed on the following excerpts from the opinion of President Judge SWENEY:

"This is a suit in mandamus by John E. Lewis and Margaret M. Lewis, his wife, owners of a property in

Middletown Township against the Supervisors of said Township to compel the issuance of a building permit. An answer was filed by the defendants, to which the plaintiffs have filed preliminary objections in the nature of a demurrer. In moving the Court for judgment, the plaintiffs contend that the defendants lack the legal power to restrict or prohibit the expansion of a nonconforming use.

"The plaintiffs are the owners of a tract of ground situate on the southeast corner of the intersection of Middletown and Pennell Roads in Middletown Township. Existing improvements on the ground consist of a combination store and dwelling immediately adjacent to the intersecting roads and a two level barn with attached garage on the easterly portion of the lot along Middletown Road, the frontage on the Middletown Road being approximately two hundred twelve (212′) feet. The entire premises is zoned R-2 residential; however, the store exists as a non-conforming use. The plaintiffs intend to expand the existing store operation to a 'farmers market' operation in the barn.

"Originally the plaintiffs applied to the Board of Adjustment of Middletown Township for an exception and a hearing was held on August 24, 1954. Although a report denying the exceptions was rendered on September 23, 1954, the plaintiffs, on October 22, 1954, informed the Board of Adjustment that the 'application for exception was withdrawn.'

"Subsequently, the plaintiffs applied to the building inspector for a permit to construct an overhang over an existing door on the barn. This application stated that the building is to be used as 'extension and enlargement of present market'. On April 25, 1955, the building inspector refused the permit. Thereafter, the plaintiffs appealed to the supervisors of Middletown Township and a hearing on the appeal was held

on June 13, 1955. On July 3, 1955 the supervisors made a report and order refusing the permit 'for the erection of an overhang over the door of the barn building which the applicant proposes to use for business purposes, . . . For the reason that the proposed use of such building would be in violation of the township zoning ordinance.' This action in mandamus followed.

"The question here is not the preliminary objections but the remedy which plaintiffs have elected. Despite the plaintiffs' application for a building permit to construct an overhang on the barn, the purpose was admittedly the extension and enlargement of the present store. From the pleadings, it is clear that the present mandamus action involves a zoning question. In Jacobs v. Fetzer, 381 Pa. 262 at page 267 it is said: 'If, however, a property owner desires to test the constitutionality or validity otherwise of zoning regulations, application to the Board of Adjustment, in the first instance, for relief, followed by an appeal to the Common Pleas from the Board's denial of relief, is the means for raising legal questions for judicial determination.'

"The plaintiffs' remedy lies in the statutory appeal from the decision of the Board of Adjustment. Jacobs v. Fetzer, supra; Taylor v. Moore, 303 Pa. 459."

Order affirmed at appellants' costs.